IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-41499
_____


CAMERON COUNTY FRESH WATER SUPPLY
DISTRICT NO. 1, now known as Laguna
Madre Water District; ET AL;

                                              Plaintiffs,

CAMERON COUNTY FRESH WATER SUPPLY
DISTRICT NO. 1, now known as Laguna
Madre Water District;

                                              Plaintiff-Appellant,

                         versus

NUEVACORP INC. d/b/a Sand Dollar Realty
and Management; JOHN P. THOBE

                                              Defendants-Appellees.
_____

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 96-CV-119
_____
July 6, 2001

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     We have considered carefully the complex and tortured record

in this case, examining its travels through the state court, then

to the district court, then to the bankruptcy court, and finally to

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court once again.  We conclude that the district court did not err in dismissing the claims asserted in this appeal.  This case has been pending since South Bay Links filed its original petition on August 9, 1995.  Our consideration of the record, briefs, and oral argument leads us to the conclusion that the only alleged damages that the appellants have not abandoned and can articulate relate to the cost of pre-litigation negotiations with South Bay Links for the water contracts, the attorney's costs and fees for the defense of the South Bay lawsuit brought against the Water District, and the attorneys' costs and fees relating to Thobe's intervention against the Water District, all of which seem to have been disregarded or transformed by the district court into a request for sanctions against Thobe and Nuevacorp.  Even when these incurred costs are considered as damages alleged in the complaint, the Water District fails to allege facts sufficient to establish causation on the part of Thobe and Nuevacorp.  Furthermore, when these costs are treated as sanctions, we hold that the district court did not abuse its discretion in denying sanctions against Thobe and Nuevacorp.  The judgment of the district court is therefore

A F F I R M E D.

2